FILED
United States Court of Appeals
Tenth Circuit

June 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYFEAL R. NUNN,

      Petitioner-Appellant,

v.

ARVIL CHAPMAN,[*] Warden of CCA;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

Nos. 11-1078 & 11-1079
(D.C. Nos. 10-CV-02415-LTB and
09-CV-00068-WYD)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

In these related appeals, Petitioner seeks a certificate of appealability to

appeal the district court's denial of two 28 U.S.C. § 2254 habeas petitions relating

to his state convictions on multiple theft and forgery counts. The district court

concluded that several of Petitioner's habeas claims were procedurally barred and

that his other claims failed on the merits. In his opening brief and application for

---

[*] Pursuant to Fed. R. App. P. 43(c)(2) Hoyt Brill is replaced by Arvil
Chapman as Warden of CCA.

[**] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a certificate of appealability, Petitioner argues the district court erred in holding that a state procedural bar could prevent review of his federal habeas claims. He also argues his claims should have succeeded on the merits.

After carefully reviewing Petitioner's filings and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court appropriately found most of Petitioner's claims to be procedurally defaulted under the Supreme Court's ruling in *Coleman v. Thompson*, 501 U.S. 722 (1991), in which the Court "recognize[d] the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Id.* at 750. The district court also correctly applied Supreme Court and Tenth Circuit precedent to conclude that Petitioner's other claims failed on the merits. Therefore, for substantially the same reasons stated by the district court, we **DENY** the application for a certificate of appealability and **DISMISS** Petitioner's appeals. We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Monroe G. McKay
uit Judge

-2-